## Hickman v. Bross

*Henry M. Ekker,* for plaintiff.

*Henry E. Sewinsky,* for defendant Wellco Carpet Corporation.

STRANAHAN, P. J., July 27, 1972.—Defendant, Wellco Carpet Corporation, has filed preliminary ob-

jections to plaintiff's complaint and the court must now make disposition of this matter.

Defendant has raised a preliminary objection in the nature of a demurrer, contending that the statute of frauds is applicable to the present transaction and since the contract is in excess of $500 and is not in writing it is, therefore, unenforceable. This contention has no merit, since the statute of frauds as set forth in the Uniform Commercial Code has no application to fully executed sales. Where there has been a fully executed sale with the elements of acceptance and receipt of the subject matter by the buyer and the payment of the purchase price and acceptance thereof by the seller, the transaction is outside the statute of frauds: Act of October 2, 1959, P.L. 1023, sec. 2, 12A PS §2-201(3) (c).

In addition to this, the language of the statute states that ". . . a contract . . . is not enforceable by way of action or defense . . ." It was not the legislative intent to allow the party to a fully executed contract to avoid its consequences merely because the transaction was oral. In the present case, this is not a suit to enforce a contract but rather an action for breach of warranty to a contract which has been fully executed.

Defendant's next contention is that plaintiff has failed to set forth a cause of action in that section 402 A, Restatement of Torts 2d, upon which plaintiff relies, applies only when the product causes physical harm to the ultimate user or consumer or to his property, and does not apply to injury to the product itself. This contention is also without merit. Property damage to the product purchased, resulting from a defect, is within the rule of strict liability in tort: Frumer and Friedman, Products Liability, §5.03 [1].

Defendant next asserts that plaintiff lacks capacity to sue as there is no allegation that he has complied

with the Fictitious Names Act of May 24, 1945, P.L. 967, as amended, 54 PS §28.1, et seq.

Plaintiff admits that he has failed to comply with the Fictitious Names Act but argues that all of the contractural relationships upon which cause of action is based were between defendant and plaintiff in his individual capacity, and defendant was at all times aware of the true identity of the person with whom it was dealing. It is further argued that the action was brought by plaintiff in his individual name and that the cause of action arose sometime before plaintiff began to conduct any business under a fictitious name.

The Fictitious Names Act was intended to protect persons giving credit in reliance on the assumed or fictitious name and to establish the identity of the individuals owning the business for the information of those who might have dealings with that business. It is not intended to produce a confiscation of property, nor to relieve debtors from their honest obligation. It is a penal regulation and should be construed as not to extend beyond the purposes for which it was enacted.

It does not appear that defendant was deceived in any manner and when a contract was signed defendant knew with whom he was doing business. To deny plaintiff the right to sue after defendant had completed its transaction with plaintiff, with the true knowledge on the part of defendant of the identity of plaintiff, would work an injustice to plaintiff under the circumstances. We, therefore, find that there is no merit to this argument.

Defendant also contends that plaintiff lacks standing to sue because he did not notify defendant of the breach of contract within a reasonable time after he discovered or should have discovered it. Defendant

relies on section 2-607(3)(a) of the Uniform Commercial Code which states that:

"Where a tender has been accepted, the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."

Defendant argues that for the complaint to be sufficient, it must allege notice of the defect and, further, that notice to defendant, Bross, who was the seller, does not constitute notice to defendant, Wellco, who was the manufacturer.

While we have not been able to find any case in Pennsylvania dealing with this matter, we believe that plaintiff's position is correct when he argues that notice requirement is applicable only to immediate sellers and has no application to a remote seller or manufacturer.

Defendant's last contention is that plaintiff must aver loss of profits with particularity, since these are special damages. This position is correct and plaintiff should amend his complaint to plead specifically his loss of profits.

We, therefore, dismiss all of the preliminary objections with the exception of the last mentioned which we believe plaintiff can cure by amending the complaint.

## ORDER

And now, July 27, 1972, the preliminary objections filed by defendant, Wellco Carpet Corporation, are overruled with the exception of that preliminary objection requesting that the loss of profits be pled more specifically. This preliminary objection is sustained and it is directed that plaintiff shall, within 20 days of the date of this order, amend his pleadings to set forth the allegations concerning loss of profits more specifically.